IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| KATIE LOWERY, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| V. | )   CASE NO.: CV-06-AR-1370-S |
| | ) |
| HONEYWELL INTERNATIONAL, | ) |
| INC., et al., | ) |
| | ) |
| Defendants. | ) |

## MOTION TO REMAND TO THE CIRCUIT COURT
## OF JEFFERSON COUNTY, ALABAMA

Plaintiffs, by and through their attorneys, file this Motion to Remand the above-styled case to the Circuit Court of Jefferson County, Alabama. This case is due to be remanded as Defendant Alabama Power Company ("Alabama Power") has failed to meet its burden with regard to the establishment of federal jurisdiction. Additionally, even if Alabama Power had met this burden, the case is due to be remanded under the "local controversy" exception of the Class Action Fairness Act, upon which Alabama Power bases its Notice of Removal. In support of this Motion, Plaintiffs state the following:

1.  The above-styled action was originally commenced by Plaintiffs against twelve industrial Defendants in the Circuit Court of Jefferson County, Alabama, Bessemer Division, on January 24th, 2003.

2.  The case was transferred to the Circuit Court of Jefferson County, Alabama, Birmingham Division on February 15th, 2005.

3.  On June 20th, 2006, Plaintiffs filed a Third Amended and Recast Complaint ("Third Amended Complaint"), adding Alabama Power and Filler Products Company, Inc. as additional defendants. As of this date, the case involves approximately 400 plaintiffs and 14 named defendants.

4. In addition to other assertions, Plaintiffs are claiming that damages have resulted from the discharge of particulates and/or gases into the atmosphere and ground water as a result of said particulates and/or gases settling onto Plaintiffs' properties and persons. Plaintiffs' claims arise from both the ordinary and excessive operations of the named defendants as they relate to facilities situated and processes occurring *in* the state of Alabama, particularly the Wylam area of Fairfield, Alabama.

5. Plaintiffs state that "[p]articulates or gases have been discharged into the atmosphere and into the ground water at facilities operated by the named defendants," and the particulates or gases "have traveled through the atmosphere and/or groundwater and onto the plaintiffs' person and/or property." Additionally, Plaintiffs claim that "[e]ach defendant … has discharged particulates into the atmosphere and into the ground water," has caused or contributed to such discharges, or has failed to inspect the operations of one or more defendants. (See Plaintiffs' Third Amended Complaint, attached to Alabama Power's Notice of Removal.)

6. Alabama Power claims in its Notice of Removal that the United States enacted the Clean Air Act in order to establish a federal program for combating air pollution - a problem specifically found by Congress to be predominantly regional and national in scope, rather than local. However, the Clean Air Act expressly states that the Act will not pre-empt state statutory or common law claims. *See* 42 U.S.C. § 7604(e). The Plaintiffs claims are based on the statutory and common law of the state of Alabama, and do not arise as claims of right based on any federal statute or authority. As noted in paragraph 5, the Plaintiffs' claims involve emissions stemming from the Defendant facilities' operations, all of which are within the state of Alabama, particularly the Wylam area of Fairfield.

7. Plaintiffs have joined monetary relief claims of more than 100 persons and have proposed that said claims be tried jointly on the ground that their claims involve common questions of law or fact.

8. Alabama Power contends that this action is a "mass action" under 28 U.S.C. § 1332(d)(11)(B)(i) (See paragraph 5 of Alabama Power's Notice of Removal.), and that as such the case filed in state court should be removed to this Court.

9. Plaintiffs' Complaint does not specify the amount of damages sought. The Complaint does pray for relief of an amount for "compensatory and punitive damages to be determined by a jury in excess of the jurisdictional minimum" of the Circuit Court of Jefferson County, Alabama, Birmingham Division.

10. This Court does not have diversity jurisdiction pursuant to 28 U.S.C. § 1332(d) of the Class Action Fairness Act (CAFA) because Plaintiffs' Complaint does not specify an amount of damages and neither does Alabama Power's Notice of Removal contain any evidence of a specific amount. "CAFA does not change the traditional rule that the party seeking to remove the case to federal court bears the burden of establishing federal jurisdiction." *Evans v. Walter Industries, Inc.*, 449 F.3d 1159, 1164 (11th Cir. 2006). Without establishing that the minimum jurisdictional amount of damages has been met, Alabama Power cannot show that federal jurisdiction exists in this case.

11. Defendant Alabama Power Company's Notice of Removal assumes a specific minimum amount of damages necessary for removal under CAFA, $5,000,000, as being claimed by the Plaintiffs, even though the Plaintiffs' Complaint states none. Similarly, the Notice of Removal states that "each individual claim exceeds $75,000," whereas Plaintiffs' Complaint references no specific amount of damages. Under CAFA, in order to be a mass action capable of removal, "jurisdiction shall exist only over those plaintiffs whose claims in a mass action satisfy the jurisdictional amount requirements under subsection (a)" - $75,000. 28 U.S.C. § 1332(d)(11)(B)(i).

12. Alabama Power's Notice of Removal presumably claims that Plaintiffs' individual claims exceed $75,000 to meet this requirement under CAFA. However, "[a] conclusory allegation in the notice of removal that the jurisdictional amount is satisfied, without setting forth the underlying facts supporting such an assertion, is insufficient to

meet the defendant's burden." *Williams v. Best Buy Co., Inc.*, 269 F.3d 1316, 1320 (11th Cir. 2001). By not offering any evidence of the amount in controversy, Alabama Power has therefore not met the burden of proof required to establish federal jurisdiction under CAFA, and this Court should remand the case to the Circuit Court of Jefferson County.

13. As an additional basis for remand, Plaintiffs assert that the facts of this case invoke the "local controversy" exception in 28 U.S.C. § 1332(d)(4) under which a federal court must decline to exercise jurisdiction. The local controversy exception ensures matters which uniquely affect a particular locality are able to be settled in a local forum. *See Evans v. Walter Industries, Inc.*, 449 F.3d 1159, 1163-4 (11th Cir. 2006).

14. In order to meet the requirements of that exception, two-thirds of the plaintiffs must be "citizens of the State in which the action was originally filed." Also, at least one defendant must be "from whom significant relief is sought," "whose alleged conduct forms a significant basis" for asserting the claims made by the plaintiffs, and who is also a "citizen of the State in which the action was originally filed." 28 U.S.C. § 1332(d)(4).

15. Virtually every Plaintiff in this case is a citizen of the State of Alabama. Several of the defendants are citizens of Alabama whose conduct "forms a significant basis for the claims asserted," and "from whom significant relief is sought." Additionally, the injuries to the plaintiffs named in this action occurred in the State of Alabama. Therefore, pursuant to 28 U.S.C. § 1332(d)(4), this Court is required to decline to exercise jurisdiction.

16. Federal courts are required to decline to exercise jurisdiction when the circumstances giving rise to the action, as here, cause it to fall within the local controversy exception to 28 U.S.C. § 1332(d). Because "a district shall decline to exercise jurisdiction" when the local controversy exception is applicable, removal was not proper under 28 U.S.C. § 1441(a).

17. A Memorandum and Evidentiary Submission in Support of Plaintiffs'

Motion to Remand will be filed with the Court shortly hereafter.

WHEREFORE, Plaintiffs hereby move this Court to remand the above-styled action to the Circuit Court of Jefferson County, Alabama, Birmingham Division.

Respectfully submitted,

/s/ Lloyd W. Gathings
Lloyd W. Gathings
Attorney for Plaintiffs

**OF COUNSEL:**

Lloyd W. Gathings
Honora M. Gathings
Warren Kinney
GATHINGS LAW
2001 Park Place North
Suite 500
Birmingham, AL 35203

## CERTIFICATE OF SERVICE

I hereby certify that on this 3rd day of August, 2006, I electronically filed with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

W. Larkin Radney, IV, Esq.
William E. Bonner, Esq.
Jackson R. Sharman, III, Esq.
LIGHTFOOT, FRANKLIN & WHITE, LLC
The Clark Building
400 20th Street North
Birmingham, Alabama 35203-3200
*(Counsel for Allied Signal, Inc. & Honeywell International, Inc.)*

James C. Huckaby, Jr., Esq.; John W. Scott, Esq.
L. Jackson Young, Jr., Esq.;
Julie Nesbitt Ehinger, Esq.
HUCKABY SCOTT & DUKES
Concord Center
2100 Third Avenue North, Ste. 700
Birmingham, Alabama 35203
*(Counsel for Bailey-PVS Oxides, LLC)*

Steven F. Casey, Esq.
J. Eric Getty, Esq.
Jenelle R. Evans, Esq.
BALCH & BINGHAM, LLP
1710 6th Avenue North
Post Office Box 306
Birmingham, Alabama 35201-0306
*(Counsel for Butler Manufacturing Company)*

Robert H. Sprain, Jr., Esq.
SPRAIN & ASSOCIATES, P.C.
201 Beacon Parkway West, Ste. 317
Birmingham, Alabama 35209
*(Counsel for CertainTeed Corp.)*

Kevin Tannehill Shires
742 Euclid Avenue
Birmingham, Alabama 35213
*(Additional Counsel for CertainTeed Corp.)*

| | |
|---|---|
| Teresa G. Minor<br>Spencer M. Taylor<br>Tyrell F. Jordan<br>BALCH & BINGHAM, LLP<br>P.O. Box 306<br>Birmingham, AL 35201<br>**(Counsel for Alabama Power Company)** | H. Thomas Wells, Jr., Esq.; J. Alan Truitt, Esq.<br>Chris J. Williams, Esq.;<br>Katie Vreeland Loggins, Esq.<br>Damon Bart Turner, Esq.<br>MAYNARD, COOPER & GALE, P.C.<br>1901 Sixth Avenue North<br>2400 AmSouth/Harbert Plaza<br>Birmingham, Alabama 35203-2618<br>**(Counsel for United States Steel Corporation)** |
| Alfred F. Smith, Jr., Esq.<br>Sela E. Stroud, Esq.<br>BAINBRIDGE, MIMS, ROGERS & SMITH, LLP<br>The Luckie Building, Ste. 415<br>600 Luckie Drive<br>Post Office Box 530886<br>Birmingham, Alabama 35253<br>**(Counsel for Fritz Enterprises, Inc.)** | Eugene D. Martenson, Esq.<br>Frank E. Lankford, Jr., Esq.<br>S.A. Bradley Baker, III, Esq.<br>HUIE, FERNAMBUCQ AND STEWART, LLP<br>Protective Center Building 3, Ste. 200<br>2801 Highway 280 South<br>Birmingham, Alabama 35223-2484<br>**(Counsel for Vulcan Materials)** |
| Joseph B. Mays, Jr., Esq.; Sid J. Trant, Esq.<br>Joel M. Kuehnert, Esq.; Brian M. Blythe, Esq.<br>BRADLEY ARANT ROSE & WHITE, LLP<br>One Federal Place<br>1819 Fifth Avenue North<br>Birmingham, Alabama 35203<br>**(Counsel for Hanna Steel Corporation)** | Patricia Clotfelter, Esq.<br>Christopher C. Haug, Esq.<br>BAKER, DONELSON, BEARMAN,<br>CALDWELL & BERKOWITZ, P.C.<br>SouthTrust Tower<br>420 North 20th Street, Ste. 1600<br>Birmingham, Alabama 35203<br>**(Counsel for W. J. Bullock, Inc.)** |

I hereby certify that I have served a copy of the above and foregoing on the below named parties/attorneys of record by placing a copy in the United States Mail, properly addressed, proper first class, postage prepaid, this the 3rd day of August, 2006:

Filler Products Company, Inc.
c/o Gerald Cobern
2281 Bibbville Road
Woodstock, AL 35118

/s/ Warren Kinney
**OF COUNSEL**